```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION


JAMES HARRISON, JR., et al.,   *
                               *
     Plaintiffs,               *
                               *
vs.                            *   CIVIL ACTION NO. 06-00531-B
                               *
CEMEX, INC, et al.,            *
                               *
     Defendants.               *
```

                              **ORDER**

This case is before the Court on Plaintiffs' Motion to Remand (Doc. 6). The parties have filed briefs and evidentiary materials in support of their respective positions. After carefully considering the foregoing, and other relevant materials in the file, the Court concludes that Plaintiffs' Motion to Remand is due to be **DENIED** for the reasons set forth below.

### I. Background

Plaintiff James Harrison, Jr., filed this lawsuit in the Marengo County Circuit Court on November 20, 2003, alleging fraud claims against Cemex, Inc., and Kristi Williams. Specifically, Plaintiff Harrison alleged that while employed by Cemex, Inc., he was induced to resign his employment based on Williams' representation that he would receive long term disability benefits, and that Cemex would provide him with health insurance until he reached the age of 65. Plaintiff demanded judgment against Defendants in an amount to be determined by a jury.

Defendants filed an answer to Plaintiff's complaint, and subsequent thereto, Plaintiff filed a Motion for Rule 19 Joinder of Persons Needed for Just Adjudication and filed an amended complaint in which he sought to add Harold Ritterbush and Della Quinney as Plaintiffs, and to correct the spelling of Defendant Williams' first name.[1]  The state court granted Plaintiff's request, and shortly thereafter, Defendants filed a motion for reconsideration, which was denied by the state court.  Defendants also filed motions seeking an order directing Plaintiffs to plead fraud with particularity.  In their motions, Defendants argued that Plaintiffs' fraud allegations were unclear such that it could not be discerned whether Plaintiffs were seeking to raise a purely state law fraud claim, or whether their claims related to the loss of benefits, and thus implicated the Employee Retirement and Income Security Act ("ERISA").  Additionally, in their answer to Plaintiffs' amended complaint, Defendants asserted that if Plaintiffs' claims were based on the denial of benefits or were related to an ERISA plan, the action was completely preempted by ERISA.

According to Defendants, they learned for the first time, during the Plaintiffs' depositions on August 16, 2006, that Plaintiffs' are in fact seeking reinstatement of company provided

---

[1] Williams was initially referenced as "Christy" Williams. The amended complaint identified her as "Kristi" Williams.

benefits under an ERISA qualified plan. Pending before the Court is Plaintiffs' Motion to Remand. Plaintiffs contend that this action should be remanded to the state court because Plaintiffs have not asserted a federal claim in their complaint, and that in any event, Defendants have waived their right to seek removal.

**II. Discussion**

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over, among other cases, cases involving federal questions, or cases "arising under the Constitution, laws or treaties of the United States." 28 U.S. C. § 1331.

Removal jurisdiction based on a federal question is governed by the well-pleaded complaint rule. Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724, 725, 58 Led. 1218 (1914); Kemp v. IBM, 109 F.3d 708, 712 (11th Cir. 1997). In plain terms, unless the face of a plaintiff's complaint states a federal question, a defendant may not remove the case to federal court on that basis, even though a possible defense might involve a federal question. Kemp, 109 F.3d at 712. A narrow exception to this rule is super, or complete preemption, existing where Congress has so fully legislated an area of law such that a plaintiff's state law claims filed in state

3

court are "necessarily federal in character" and removable based on federal question jurisdiction. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); Kemp., 109 F.3d at 712.

In the ERISA context, the Eleventh Circuit has held that ERISA preemption exists only when the plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a).[2]  Relief is available, and there is complete preemption, when four elements are satisfied. First, there must be a relevant ERISA plan.  Second, the plaintiff must have standing to sue under the plan.  Third, the defendant must be an ERISA entity.  Finally, the complaint must seek compensatory relief akin to that available under § 1132(a); often, this will be a claim for benefits under a plan.  Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999).

The Eleventh Circuit's decisions in Franklin v. QHG of Gadsden, Inc. 127 F.3d 1024 (11th Cir. 1997) and Cotton v. Massachusetts Mutual Life Ins. Co., 402 F.3d 1267 (11th Cir. 2005) are instructive on the issue of complete preemption under ERISA. In Franklin, the plaintiff (Franklin) alleged that she accepted a position with the defendant hospital on the condition that her husband would continue to receive the same home nursing care

---

[2] ERISA  permits a cause of action "(1) by a [plan] participant or beneficiary....(B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a).

4

provided under her former employer's benefit plan. More than two years later however, the hospital informed Franklin that it was discontinuing coverage for home nursing care, and in doing so, relied on a clause in the plan that reserved to it the right to reduce or terminate coverage at any time. Franklin filed suit in state court and alleged that the hospital had fraudulently induced her to leave her former employment by promising to provide the same level of home nursing care provided by her former employer's plan. The hospital removed the action to federal court under the complete preemption doctrine, and the district court denied the plaintiff's motion to remand, and eventually entered summary judgment in favor of the hospital. Franklin, 127 F.3d at 1026-1027.

On appeal, the Eleventh Circuit affirmed the district court's denial of the plaintiff's motion to remand. In reaching its decision, the Eleventh Circuit's analysis did not focus on whether the relief sought was akin to that available under § 1132(a), but instead focused almost entirely on § 514's defensive preemption test -- that is, whether the plaintiff's state law claims "related to" an ERISA plan. The court concluded that the plaintiff's state-law claims were completely preempted because they had a "direct connection" to the administration of medical benefits under an ERISA plan." Id. at 1029.

Later, in Cotton, *supra*, the Eleventh Circuit clarified complete preemption in the ERISA context. The Eleventh Circuit

noted that while the correct result had been reached in Franklin, the Court's analysis was flawed by its focus on the defensive preemption test, rather than the complete preemption rule, which holds that a state law claim is completely preempted only where all four elements of complete preemption are present.  The Court further noted that the result in Franklin was consistent with the complete preemption rule because the hospital, in its role as an ERISA fiduciary, discontinued the home nursing benefits under an ERISA plan, and plaintiff Franklin, a beneficiary under the plan, responded by filing a lawsuit that essentially sought to recover benefits under the terms of the plan–that is, she sought "compensatory relief akin to that available under §1132(a)". Cotton, 402 F.3d at 1288.

Like the plaintiffs in Franklin, the Plaintiffs in the case *sub judice* allege that they relied to their detriment upon their employer's representations regarding benefits.  Specifically, Plaintiffs assert that Defendants induced them to resign their employment and "go on long term disability," by promising that the company would pay them long term disability benefits, and would further provide them with health insurance until they reached age 65, and that Defendants later reneged on the promise to provide them with health insurance.

While Plaintiffs assert that their complaint does not reference ERISA and that they are not asserting a claim for ERISA benefits,

an examination of the facts in this case demonstrate that the Eleventh Circuit's four part test for complete preemption is clearly met. First, Plaintiffs contest neither the fact that the health insurance benefits at issue are part of an ERISA plan, nor that as beneficiaries under the plan, they have standing to sue. Moreover, Defendant Comex, as Plaintiff's former employer, and Williams, as its agent, constitute ERISA fiduciaries or entities, and the relief Plaintiffs seek in this action is akin to that available under § 1132(a). In other words, Plaintiffs' deposition testimony makes clear that one of the aims of their lawsuit is to have their health insurance benefits restored. Accordingly, all four parts of the complete preemption test are met, and Plaintiffs' claims, however styled, are completely preempted. Because Plaintiffs' claims are completely preempted, Defendants had the right to remove this action to federal court.

Plaintiffs next assert that even if Defendants had the right to remove this action, they waived their right to do so because they did not seek to remove this action until it had been pending in state court for nearly three (3) years. According to Plaintiffs, Defendants should have known, based on Plaintiffs' complaint and amended complaint, that this case could be removed, and Plaintiffs' deposition testimony did not add anything that could not have been gleaned from a review of Plaintiffs' complaint and amended complaint.

The notice of removal of a civil action or proceeding must be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such an action or proceeding is based. See 28 U.S.C. § 1446 (b).  If the claim alleged in the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, "of a copy of amended pleading, motion or order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b).

Removal is a privilege accorded by statute, and the removing party must comply with the statutory requirements in order to invoke the statute.  Golden Apple Mgmt., Co v. GEAC Computers, Inc., 990 F. Supp. 1364, 1366 (M.D. Ala. 1998).  The time limit in 28 U.S.C. § 1446 (b) is "mandatory and must be strictly applied."  Jeffcoat v. Am. Gen. Life & Accident Ins. Co., 2001 U.S. Dist LEXIS 7256 (M.D. Ala. May 16, 2001).  Webster v. Dow United Techs. Composite Prods., Inc., 925 F. Supp. 727, 729 (M.D. Ala. 1996) ("plain purpose of [the] language [of 28 U.S.C. § 1446(b)], is to permit the removal period to began only after the defendant is able to ascertain intelligently that the requisites of removability are present.") The party bearing the burden of proving federal jurisdiction also has the task of proving to the court exactly when the thirty day limit of 28 U.S.C. §1446 (b) began to run.  See, e.g., Newman v. Spectrum

Stores, Inc., 109 F. Supp. 2d 1342, 1345 (M.d. 2000) ("when a plaintiff questions the propriety of a defendant's removal petition, the defendant bears the burden of showing that the removal was proper."); Clingan v. Celtric Life Ins. Co., 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003).

In the initial complaint filed in this action on November 20, 2003, Plaintiff Harrison alleged that Defendants Cemex and Williams, as the personnel Manager for Cemex, represented to him that if he resigned his employment and went on long term disability, the company would pay him disability benefits, and would provide him with health insurance until he reached age 65; that he relied upon these representations, and retired; and that Cemex later reneged on the promise to provide him with health insurance until age 65.  In his prayer for relief, Plaintiff asserted that he was seeking to recover an amount to be determined by a jury.  Plaintiff later amended his complaint to add identical claims on behalf of Plaintiffs Ritterbush and Quinney, and to correct the spelling of Defendant Williams' first name.  Aside from these changes, the amended complaint otherwise mirrored the initial complaint.

Defendants filed motions seeking a more definite statement of Plaintiffs' fraud claims; however, these motions were never ruled upon by the state court.  On August 16, 2006, nearly three years after this action was initially filed, Defendants deposed Plaintiffs, and during the depositions, Plaintiffs acknowledged that

9

through this lawsuit, they are seeking to recover the health insurance benefits which they were promised when they resigned. While Plaintiffs assert that their complaint and amended complaint placed Defendants on notice regarding the nature of Plaintiffs' claims, a searching review of these pleadings fails to uncover any information which sheds light on the nature of relief being sought by Plaintiffs.  In other words, it is not clear, from a review of these two pleadings, if Plaintiffs are seeking to be reinstated to their jobs with Cemex, or whether they are also seeking the restoration of their benefits or something all together different. Moreover, Plaintiffs have failed to point to any language in the pleadings or in any other documents served on Defendants that contain information regarding the type of relief being sought by Plaintiffs.

Many courts have held that defendants should not be required to "guess" as to the removability of a case, and that the thirty day period should not begin to run until the defendants objectively know that the case is removable. Mendez v. Central Garden & Pet Co., 307 F. Supp. 2d 1215 (M.D. Ala. 2003); Webb v. Home Depot, USA, Inc., 2000 U.S. Dist. LEXIS 4188 (M.D. Ala. March 27, 2000).  In Webb, the court held that removal was timely where the complaint did not allege the amount in controversy and the defendant did not remove until it received discovery responses which made it clear that the plaintiff was seeking more than $75,000.  The Webb court explained

that the "problem presented in this case is one of the plaintiff's makings, not of the defendants," and stated that, "based on the ambiguous nature of the complaint, [the defendant] should not be penalized for concluding that it could not remove this action in good faith without further inquiry."  2000 U.S. Dist. LEXIS at 9-10; See, e.g., Moore v. Allstate Indemnity Co., 2006 U.S. Dist. LEXIS 72939 (S.D. Ala. Sept. 22, 2006) (defendants were not required to remove based solely on the complaint where removability could not have been intelligently ascertained prior to receipt of discovery responses.); Mendez, 307 F. Supp. 2d at 1221 (defendants did not drag their feet or unnecessarily delay removal, but rather attempted to determine whether the case was removable through the discovery process, and removed the case as soon as they determined that complete diversity existed.  Indeed, if the defendants had attempted to remove earlier, they would have put themselves at risk for Fed. R. Civ. P. 11 sanctions.)

In the case *sub judice*, the undersigned finds that the defendants did not waive their right to remove this case, as they could not have objectively determined that this case was removable prior to Plaintiffs' depositions.  While it is true that Defendants, in their answer to Plaintiffs' amended complaint and motions seeking a more definite statement, raised the possibility that Plaintiffs' claims were completely preempted by ERISA, at that point, Defendants lacked information regarding the nature of the relief being sought

11

by Plaintiffs. As noted *supra*, neither the complaint nor the amended complaint spelled out the type of relief being sought by Plaintiffs. Thus, based on those pleadings, Defendants could not have objectively determined if Plaintiffs were seeking the type of relief provided by § 1132, or were merely seeking reinstatement. During Plaintiffs' depositions, however, Plaintiffs clearly indicated that one of the things they are seeking in this lawsuit is to have their health benefits restored. Once Defendants obtained this information, they were then able to determine that this case was removable. Because Defendants sought to remove this action within thirty days of obtaining this information, their removal was within the statutory period, and thus was timely.

For the reasons set forth above, Plaintiffs' Motion to Remand this case is **DENIED.**

DONE this **20th** day of **November, 2006.**

                                  **/s/ SONJA F. BIVINS**
                          **UNITED STATES MAGISTRATE JUDGE**